# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Crim. Nos. 04-00245-01-CR-W-FJG |
| ) | 04-00325-01-CR-W-FJG |
| BRENT MICHAEL BARBER, ) | 05-00048-01-CR-W-FJG |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before this Court is movant's pro se motion pursuant to 18 U.S.C. § 3353(a) to modify his sentence (Doc. #153). Movant was charged in three separate indictments, all of which charged offenses related to a complex mortgage fraud scheme involving more than one hundred properties, millions of dollars and numerous coconspirators. The three indictments are referred to as Barber I, Barber II and Barber III. Movant went to trial in Barber II and was found guilty on December 2, 2005, of Counts I, 2 and 4 of the four count indictment. After this trial, the parties began plea negotiations and on February 23, 2006, movant pled guilty to charges in both Barber I and III. In Barber I he pled guilty to Count 1 (conspiracy), 2 through 53 (interstate transportation of funds obtained by fraud) and 57 and 59 (money laundering); in Barber III, he plead guilty to Count 1 (conspirarcy), Counts 2 through 47 (interstate transportation of funds obtained by fraud) and Counts 50 and 66 (money laundering). Movant was sentenced on October 27, 2006 to a total of 151 months. Movant filed a pro se notice of appeal on March 12, 2007. On May 22, 2007, the Eighth Circuit dismissed the appeal as untimely. Barber also filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction. After briefing, the motion was denied and the Eighth Circuit denied Barber a certificate of appealability.

In his current motion, Barber seeks to have his sentence modified in order that he can serve the balance of his sentence in home confinement. Barber is currently under the custody of the Bureau of Prisons and has resided at the Heartland Residential Re-entry Center (RRC) in Kansas City, Missouri since August 12, 2015. Barber is projected to commence supervised release on or about May 25, 2016. In his motion, Barber cites to 18 U.S.C. § 3553(a) and states that the Court:

> has all sorts of abilities to use all of the statutes under 3553(a) to tailor the sentence in light of the other statutory concerns. His medical treatment[ ] needs would be better addressed in the community 3553(a)(2)(D). In particular, Defendant could get immediate care for his shoulder and Cardiac condition. The Court could easily conclude under the circumstances, presented that a modified sentence of 10 years and one month of imprisonment and 11 months of home confinement would be sufficient but not greater than necessary and would create no unwarranted disparity, and would satisfy the purpose[ ] of sentencing.

(Barber's Motion for Modification, p. 6).

The Government argues in opposition that Barber's complaints about the length of community release placement does not provide jurisdiction for the Court to consider his motion. The Government notes that to the extent that Barber disagrees with the BOP's determination, this type of claim is a challenge to the execution of the sentence, not to the sentence itself. "'The writ of habeas corpus shall not extend to a prisoner unless . . .[h]e is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §2241(c)(3). Section 2241 is appropriate where a federal petitioner challenges the execution of a sentence or the length or duration of his confinement." Jones v. Jett, No. 10-4201 (MJD/AJB), 2011 WL 5507222, at *2 (D.Minn. Aug. 12,2011)(citing Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002)).

The Second Chance Act of 2007, Public Law No. 110-199, 122 Stat. 657, effective April 9, 2008, amended 18 U.S.C. § 3624 (c) Prerelease Custody, to provide, in relevant part:

2

> **(c) Prerelease custody.**--
> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

In <u>Ambrose v. Jett</u>, No. 13-CV-2343 (PJS/JSM), 2013 WL 6058989, *6 (D.Minn. Nov. 15, 2013), the Court noted that "Section 3624(c) also provides the BOP with discretion to determine whether and how long an inmate should spend in an RRC or home placement before his release, so long as the pre-release placement was practicable and the BOP considered the factors set forth in §3621(b)." Section §3621(b) lists five factors that the BOP must consider when designating the place of imprisonment. In <u>Ambrose</u>, the petitioner was seeking to be released to home confinement for the final months of his sentence. The BOP had initially approved Ambrose's release to an RRC or home confinement. However, the RRC to which Ambrose was referred denied his placement based on his conviction for arson. Because his placement was denied, Ambrose was not allowed to participate in home confinement, because he would have been required to return to the RRC at least twice a week. The BOP argued that the Court lacked jurisdiction to consider Ambrose's petition because 18 U.S.C.§ 3625 precluded judicial review of its' discretionary determinations. The Court in that case found that:

> the BOP is correct that this Court does not have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or 3264(c) to place Ambrose in an RRC or in home confinement placement. . . .Thus, to the extent that Ambrose was asserting in his Petition that the decision by the BOP to not place him in an RRC or home confinement is arbitrary, this

3

Court has no authority to review that claim.

Id. at *7. However, the Court did note that "judicial review remains for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority." Id. The Court ultimately found that the BOP in that instance had violated its statutory authority and ordered the BOP to immediately place Ambrose in an RRC or release him to home confinement.

In the instant case, the statutory provisions cited by Barber do not provide the Court with jurisdiction to modify his sentence in the manner in which he requests. As noted above, the ability of a court to review actions of the BOP is only limited to those instances where the BOP is alleged to have acted contrary to federal law, violated the Constitution or exceeded its statutory authority. Accordingly, for the reasons stated above, the Court hereby **DENIES** Barber's Motion for Modification of Sentence (Doc. # 153).


Date:  February 10, 2016  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge